Date signed June 13, 2008



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| TAMMY K. BALZANO, | * | Case No. 07-20367-JS |
| Debtor | * | (Chapter 13) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### *MEMORANDUM OPINION GRANTING M&T MORTGAGE CORPORATION'S MOTION TO VACATE AND DETERMINING THE AUTOMATIC STAY TO BE INAPPLICABLE TO REAL PROPERTY*

Before the Court is the motion of M&T Mortgage Corporation to vacate an order that determined the automatic stay to be applicable to real property held and mortgaged solely in the name of the debtor's non-filing spouse. Because this opinion holds that the automatic stay does not apply, the motion will be granted.[1]

---

[1] This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(e) and 157(o). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).

*FINDINGS OF FACT*

1. On July 24, 1997, before they were married, Tammy Balzano ("the debtor") and Theodore Balzano purchased real property identified as 22 Flaxleaf Court, Essex, Maryland 21221 ("the Property"), which they financed through M&T Mortgage Corporation ("M&T Mortgage"). Supposedly because of her poor credit history, the debtor was not named as an obligor on the note, deed of trust or the deed to the Property. However, she was named as a purchaser on the contract of sale.

2. During the period from late 1997 through 1998, after the contract was executed, the debtor made numerous payments on contract for sale.

3. On January 3, 1998, the debtor and Theodore Balzano were married.

4. On January 30, 1998, the debtor and her husband went to settlement on the sale of the Property, at which time the deed, note and deed of trust were executed in the sole name of Theodore Balzano.

5. Thereafter, the debtor and Theodore Balzano resided in the Property as husband and wife.

6. The couple made payments on the mortgage and paid household expenses from a joint checking account until late 2006 or early 2007, when they defaulted on the mortgage.

7. M&T Mortgage scheduled a foreclosure sale of the Property for March 1, 2007.

8. On March 1, 2007, Theodore Balzano filed a Chapter 13 bankruptcy petition in this Court (Case No. 07-11933), which stayed the foreclosure sale. During the course of the bankruptcy case, Mr. Balzano made no payments and failed to appear at his scheduled meeting of creditors. Accordingly, the case was dismissed.

9. M&T Mortgage rescheduled a foreclosure sale for July 13, 2007.

10. On July 11, 2007, Theodore Balzano filed a second Chapter 13 bankruptcy petition (Case No. 07-16303). Once again, he made no payments, failed to appear at the meeting of creditors and the case was dismissed.

11. M&T Mortgage scheduled a third foreclosure sale for October 22, 2007.

12. On October 22, 2007, Tammy Balzano filed the instant Chapter 13 bankruptcy petition some 19 minutes before the scheduled foreclosure sale. However, this time, the sale proceeded.

13. On October 24, 2007, the debtor filed a motion to declare that the automatic stay of 11 U.S.C. § 362 applied to the Property [p. 14]. The motion was served on creditor's counsel, although counsel had not yet entered an appearance. It was also

mailed to the offices of M&T Bank in Buffalo, New York, but not to any particular officer or director.[2]

14. On November 15, 2005, this Court granted the motion and entered an order declaring that the automatic stay applied to the Property [p. 19].

15. On November 27, 2007, counsel for M&T Mortgage filed a motion to strike the order [p.22].

16. On January 11, 2008, a hearing was held, after which supplemental briefs were filed.

17. On March 31, 2008, this Court entered an order denying confirmation of the debtor's plan without leave to amend. This Court then dismissed the Debtor's case on May 12, 2008. However, the case was not closed because the Court still had to vacate the order which imposed the automatic stay.

## *CONCLUSIONS OF LAW*

1. Pursuant to Bankruptcy Rule 9024, Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases. Under rule 60(b)(4), a court may relieve a party from a judgment if the judgment is void. Rule 60(b)(6) authorizes a court to relieve a party from an order for any other reason justifying relief. Bankruptcy Rule

---

[2]M&T has pointed out that notice should have been sent, not to M&T Bank, but to M&T Mortgage.

9014 provides that in contested matters such as this one, service shall be made pursuant to Bankruptcy Rule 7004, which mostly follows Rule 4 of the Federal Rules of Civil Procedure. The debtor did not serve the resident agent of M&T Mortgage Corporation, and only served the attorney for M&T Mortgage, prior to the attorney's engagement by M&T Mortgage. Assuming that the order entered by this Court were a judgment, it is void, pursuant to Rule 60(b)(4). *See In re Outboard Marine Corp.*, 359 B.R. 893, 896-97 (Bankr. N. D. Ill. 2007). The improper service of the motion in this case rendered the order void and justifies relief under Rule 60(b)(6).

2. Section 362(a) provides that a bankruptcy petition operates as a "stay, applicable to all entities, of ... (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate..." *Id*. However, the automatic stay does not apply in this case because the Property is not property of the estate or of the debtor.

3. Section 541(a) defines the extent of the bankruptcy estate to include "all legal and equitable interests of the debtor in property as of the commencement of this case." *Id*. However, the mere marriage of a debtor to the titled owner of real property does not create an interest of the debtor in property so as to bring the property into the bankruptcy estate. In the case of *In re Steele*, 297 B.R. 589 (E.D. Mo. 2003), a debtor filed a Chapter 11 petition to prevent a foreclosure of property

held solely in the name of his spouse.  The court held that under Missouri domestic relations law, the debtor's marital interest did not arise until there was a divorce proceeding.  *See also Culver v. Boozer (In re Culver)*, No. Civ. A. CCB-02-3071, 2002 WL 32325678, at *4 (D. Md.) (Blake, J.) (marriage insufficient to bring a residence into a bankruptcy estate); *but see In re Levenstein*, 371 B.R. 45 (S.D. N.Y. 2007) (automatic stay applied to house that was property of the estate because the debtor had contributed monetarily toward house during the marriage, even though the debtor's name was not on title or contract for sale of house).[3]

    4. The Maryland marital property laws are effective to create property rights only upon divorce.  Md. Code Ann., Fam. Law § 8-201(e) defines marital property as "the property, however titled, acquired by one or both parties during the marriage." *Id*.  However, §8-201(a) states that that definition only applies to Subtitle 2 of Title 8 of the Maryland Family Code.  That subtitle is entitled "Property Disposition in Annulment and Divorce."  No spouse could attain any of the property rights in that subtitle without first filing for divorce.  *See* Md. Code Ann., Fam Law § 8-205 (providing for division of marital property *after* complaint for divorce is filed).

---

[3] Opinions to the contrary from community property states holding the automatic stay applicable to property not titled in the names of both spouses are not relevant here.  These opinions reflect the legal policies of states other than Maryland and restate specific provisions of the Bankruptcy Code to this effect.  *See* 11 U.S.C. § 541(a)(2).

5.  This concept of marital property does not create a legal interest in the other spouse's property nor does it create a property right in the non-titled spouse. *Herget v. Herget*, 573 A.2d 798, 802, 319 Md. 466, 475 (1990) (citing *Head v. Head*, 759 F.2d 1172, 1174 (4th Cir. 1985). Its only purpose is to form the basis of a monetary award upon dissolution of a marriage. *Id.*, 573 A.2d at 804, 319 Md. At 479 (Adkins, J., dissenting).

6.  At all times relevant to this opinion, Tammy and Theodore Balzano remained married. Therefore Tammy Balzano cannot take advantage of laws which provide her with a property interest only upon divorce.

7.  To hold otherwise would create an unmanageable regime. Secured lenders would have no way of identifying unknown parties claiming an interest in real property upon which the lenders sought to foreclose. Such a holding would ignore a specific decision by a lender to exclude a party from holding title.

8.  While it is true that payments were made from a joint checking account owned by both spouses, payments alone did not create a joint interest in the Property. If such were the case, a person who tendered any payment on a secured loan could claim an interest in a similar manner. In this case, the debtor may have enjoyed some of the benefits and assumed some of the responsibilities of the loan, but she was not a party to it.

Accordingly, because the Property was neither property of the estate nor of the debtor, this Court holds that the automatic stay does not apply in this case to the Property.

**WHEREFORE,** the motion of M&T Mortgage Corporation to strike the order imposing the automatic stay on the Property will be GRANTED, and the order imposing stay will be VACATED.

**ORDER ACCORDINGLY.**

cc: Candy L. Thompson, Esquire
   Candy L. Thompson, LLC
   201 N. Charles St., Suite 804
   Baltimore, Maryland  21201
   Counsel to the Debtor

   Diana C. Theologou, Esquire
   Michael Cantrell, Esquire
   Friedman & MacFadyen, P.A.
   Totman Building
   210 E. Redwood Street, Suite 400
   Baltimore, Maryland 21202
   Counsel to M&T Mortgage Corporation

   Gerard R. Vetter, Esquire
   7310 Ritchie Highway, Suite 715
   Glen Burnie, Maryland  21061-3293
   Chapter 13 Trustee